UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH COONEY., <br><br> Plaintiff, <br><br> v. <br><br> THE STATE OF CALIFORNIA, *et al.*, <br><br> Defendants. | Case No. 13-cv-01373-BAS(KSC) <br><br> **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND** <br><br> (ECF NOS. 35, 36, 38) |

On July 11, 2013, Plaintiff filed her First Amended Complaint ("FAC") in this case against the Supreme Court of the State of California, Chief Justice Tani Canti-Sakauye, all of the Appellate Justices of the California Fourth District Court of Appeal, and state court Judges Robert Trentacosta and Yuri Hofmann ("the judicial defendants"); the City of San Diego, Deputy City Attorneys Keith Phillips and Bonny Hsu and San Diego City lifeguard-witness John Kerr ("the City defendants"); the County of San Diego, County Counsel George W. Brewster Jr. and County Staff psychiatrist Dr. Ivan Baroya ("the County defendants"); and Dr.

Dominick Addario—a forensic psychiatrist and Thomas Massey, a lawyer. (FAC, ECF No. 23.) On August 2, 2013, this court issued an order *sua sponte* dismissing the judicial defendants from the case. (ECF No. 24.) All remaining defendants, with the exception of Thomas Massey, who has not yet been served, have moved to dismiss the FAC pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF Nos. 35, 36 and 38.)

The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the following reasons, the Court **GRANTS** the motions to dismiss filed by the City defendants, the County defendants, and Dr. Dominic Addario **WITHOUT LEAVE TO AMEND**.

I.  BACKGROUND

On July 28, 2009, Plaintiff filed a complaint in state court against the City of San Diego, the County of San Diego and lifeguard John Kerr alleging false imprisonment, wrongful arrest, negligent infliction of emotional harm, assault and battery, libel and slander and medical malpractice stemming from a §5150 hold placed upon her pursuant to the Lanterman-Petris-Short Act ("LPS Act") found in Welfare and Institutions Code ("WIC"), §5000 *et seq*. (FAC at ¶¶ 32, 36; ECF No. 35, Request for Judicial Notice ("RJN") Exs. 1 & 2; ECF No. 38-4.) Under WIC §5150, a person may be involuntarily committed to a county mental health facility for 72 hours if there is probable cause to believe the individual "as a result of a mental disorder, is a danger to others, or to himself or herself, or is gravely disabled."

State Court Judge Yuri Hofmann granted defendants' motion for summary judgment finding there was probable cause for Plaintiff's detention. (FAC at ¶¶ 43, 47; ECF No. 35, RJN Exs. 2 & 3; ECF No. 38-6.) Plaintiff appealed this decision, arguing among other things that the LPS Act is unconstitutional. (FAC at ¶ 51; ECF No. 35, RJN Ex. 4; ECF No. 38-7.) The Court of Appeal affirmed the trial court's

1    decision. (FAC at ¶¶ 52, 53; ECF No. 35, RJN Ex. 5.) A Petition for Review was
2    filed with the California Supreme Court on May 3, 2012 and denied on June 13,
3    2012. (FAC at ¶¶ 4, 57.)

4     On July 22, 2011, Plaintiff filed another state court action against defendant
5    Dr. Dominick Addario for general negligence, negligent infliction of emotional
6    distress, and medical malpractice. (ECF No. 38-8.) In this second complaint,
7    Plaintiff alleged that Dr. Addario, who was an expert witness for the defendants in
8    the first state court action, misstated the facts and committed perjury, which caused
9    Plaintiff to suffer emotional distress. (*Id.*; *see also* ECF No. 38-5; FAC ¶ 45.) On
10   October 19, 2011, Plaintiff requested that this second complaint against Dr. Addario
11   be dismissed with prejudice. (ECF No. 38-9.) The dismissal with prejudice was
12   then entered. (*Id.*)

13    Plaintiff then filed this federal court action against all the judges and lawyers
14   involved in the two state court cases, along with the state court defendants, and two
15   of the state court witnesses, including Dr. Addario. (FAC at ¶¶ 3-18.) She claims
16   the state court case was improperly litigated and she was entitled to judgment in her
17   favor. (FAC at ¶¶ 3-18, 32-34, 59.)

18   **II.   LEGAL STANDARD**
19       **A.   Rule 12(b)(6)**

20    A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil
21   Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R.
22   Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court
23   must accept all allegations of material fact pleaded in the complaint as true and must
24   construe them and draw all reasonable inferences from them in the light most
25   favorable to the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.,* 80 F.3d 336,
26   337-38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not
27   contain detailed factual allegations, rather, it must plead "enough facts to state a
28   claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

1  544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual
2  content that allows the court to draw the reasonable inference that the defendant is
3  liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)
4  (citing *Twombly*, 550 U.S. at 556).

5  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to
6  relief' requires more than labels and conclusions, and a formulaic recitation of the
7  elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (quoting
8  *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (alteration in original)). Furthermore, a
9  court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Despite
10 the deference the court must pay to the plaintiff's allegations, it is not proper for the
11 court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged
12 or that the defendants have violated the…laws in ways that have not been alleged."
13 *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459
14 U.S. 519, 526 (1983).

15 Generally, courts may not consider material outside the complaint when
16 ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.,*
17 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, documents specifically
18 identified in the complaint whose authenticity is not questioned by parties may also
19 be considered. *Fecht v. Price Co.,* 70 F.3d 1078, 1080 n.1 (9th Cir. 1995)
20 (superseded by statutes on other grounds). Moreover, the court may consider the
21 full text of those documents even when the complaint quotes only selected portions.
22 *Id*. It may also consider material properly subject to judicial notice without
23 converting the motion into one for summary judgment. *Barron v. Reich*, 13 F.3d
24 1370, 1377 (9th Cir. 1994).[1]

25

26 [1] Defendants request that the Court take judicial notice of various documents
27 filed in the two state court actions filed by Plaintiff (ECF Nos. 35-2, 38-2, 46-1). As
    these documents are matters of public record properly subject to judicial notice
28 pursuant to Federal Rule of Evidence 201, insofar as the Court relies on any of these

1   As a general rule, a court freely grants leave to amend a complaint which has
2   been dismissed. Fed. R. Civ. P. 15(a).  However, leave to amend may be denied
3   when "the court determines that the allegation of other facts consistent with the
4   challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co.*
5   *v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

### B. Rule 12(b)(1)

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may move to dismiss based on the court's lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1).  In such a motion, the plaintiff bears the burden of establishing the court's subject matter jurisdiction.  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted).  A Rule 12(b)(1) jurisdictional attack may be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

In a facial attack, the complaint is challenged as failing to establish federal jurisdiction, even assuming that all of the allegations are true and construing the complaint in light most favorable to the plaintiff.  *See Safe Air for Everyone v.*

---

documents, the Court **GRANTS** Defendants' requests and takes judicial notice of such documents.  Courts have consistently held that judicial notice may be taken of documents filed in other court proceedings. *See Schulze v. FBI*, 2010 WL 2902518, at *1 (E.D.Cal. July 22, 2010) (quoting *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) ("A federal court may 'take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'")); *Cartmill v. Sea World*, 2010 WL 4569922, at *1 (S.D.Cal. Nov. 5, 2010) (taking judicial notice of documents filed in other court proceedings).  While the court cannot take judicial notice of the veracity of the arguments and disputed facts contained therein, it may properly take judicial notice of the existence of those documents and of the "representations having been made therein." *San Luis Unit Food Producers v. United States*, 772 F.Supp.2d 1210, 1216 n. 1 (E.D.Cal. 2011).  Plaintiff does not object to the Court taking judicial notice of the requested documents "as simply a record of events, which is undisputed and cannot reasonably be disputed."  (ECF No. 50 at p. 2.)

*Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Thus, a motion to dismiss for lack of subject matter jurisdiction will be granted if the complaint on its face fails to allege sufficient facts to establish jurisdiction. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

"By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039 n.2.

## III. DISCUSSION

### A. This Court Has No Jurisdiction to Hear An Appeal From A State Court Judgment

Since the U.S. Supreme Court, not lower federal courts, has appellate jurisdiction over state court judgments, federal district courts are without jurisdiction to hear direct appeals from the judgment of the state courts. *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012). This doctrine, known as the *Rooker-Feldman* doctrine, "bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal, but also over the 'de facto equivalent' of such an appeal." *Id.* (quoting *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003)). "'It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court.'" *Id.* at 778 (quoting *Noel*, 341 F.3d at 1163).

1         "If the federal constitutional claims presented to the district court are
2 'inextricably intertwined' with the state court's judgment, then [plaintiff] is
3 essentially asking the district court to review the state court's decision, which the
4 district court may not do." *Doe & Associates Law Offices v. Napolitano*, 252 F.3d
5 1026, 1029 (9th Cir. 2001). "Where the district court must hold that the state court
6 was wrong in order to find in favor of the plaintiff, the issues presented to both
7 courts are inextricably intertwined." *Id*. at 1030; *see also Cooper*, 704 F. 3d at 779
8 ("[W]e have found claims inextricably intertwined where the relief requested in the
9 federal action would effectively reverse the state court decision or void its ruling."
10 (citation and internal quotations omitted)).

11         The *Rooker-Feldman* doctrine, however, does not bar claims that the state
12 court judgment was obtained by extrinsic fraud. *Kougasian v. TMSL*, 359 F.3d
13 1136, 1140 (9th Cir. 2004). "If a federal plaintiff asserts as a legal wrong an
14 allegedly erroneous decision by a state court, and seeks relief from a state court
15 judgment based on that decision, *Rooker–Feldman* bars subject matter jurisdiction
16 in federal district court. If, on the other hand, a federal plaintiff asserts as a legal
17 wrong an allegedly illegal act or omission by an adverse party, *Rooker–Feldman*
18 does not bar jurisdiction." *Id*. (citing *Noel*, 341 F.3d at 1164). Thus, in *Kougasian*,
19 the Ninth Circuit found *Rooker-Feldman* not applicable to plaintiff's claims because
20 she did not "allege[] that she ha[d] been harmed by legal errors made by the state
21 courts. Rather, she allege[d] that the defendants' wrongful conduct ha[d] caused her
22 harm." *Id.*

23         In this case, although plaintiff's response to the motions to dismiss filed by
24 the City defendants and the County defendants argues that the *Rooker-Feldman*
25 doctrine is not applicable to her complaint since she is alleging extrinsic fraud (ECF
26 No. 41 at pp. 6-9; ECF No. 42 at pp. 5-8), a look at the FAC confirms that she is
27 merely attempting to re-litigate the state court decision. The FAC explains, "[t]his
28 claim arises from the improper litigation of Deborah Cooney v. City of San Diego,

County of San Diego, John Kerr et al…" (FAC ¶ 32). The FAC alleges plaintiff was entitled to judgment in her favor (FAC ¶ 59). The FAC alleges plaintiff was denied a jury trial in the case (FAC ¶¶ 33, 100), was denied a full and fair evidentiary hearing when the state court judge granted the motion for summary judgment (FAC ¶ 47), and was denied a fair and full evidentiary hearing by the appellate court (FAC ¶ 52). In addition, in the FAC Plaintiff quotes in full the Petition for review she filed in the California Supreme Court. (FAC ¶¶ 57, 58.) Finally, the FAC outlines again the claims she brought in her state court action (FAC ¶¶ 117-119) and argues again the argument she made in the state court action that the LPS Act is unconstitutional. (FAC ¶¶ 125-140.)

Plaintiff is seeking to re-litigate the state court case because she alleges it was wrongly decided. The fact that the FAC now alleges that it was not only wrongly but also fraudulently decided on the part of the various state court judges whom she also attempted to sue does not change the fact that this is a *de facto* appeal of, and inextricably intertwined with, the state court decision and barred by the *Rooker-Feldman* doctrine. Accordingly, this Court lacks subject-matter jurisdiction over this action.

  **B.**   **Plaintiff's Claims Are Barred by Res Judicata and Collateral Estoppel.**

    **1.**   <u>**Res Judicata**</u>

Moreover, "[t]he doctrine of res judicata prohibits a second suit between the same parties on the same cause of action." *Boeken v. Philip Morris USA, Inc.*, 48 Cal.4th 788, 792 (2010). "A final judgment on the merits of an action precludes the parties…from relitigating issues that were or could have been raised in that action." *Federated Dept. Stores, Inc. v. Moitie,* 452 U.S. 394, 398 (1981). "[T]he res judicata consequences of a final, unappealed judgment on the merits [are un]altered by the fact that the judgment may have been wrong." *Id*.

"[A] federal court must give to a state-court judgment the same preclusive

effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).  Full preclusive effect applies to § 1983 suits.  *Id.* at 83 ("[I]ssues actually litigated in a state-court proceeding are entitled to the same preclusive effect in a subsequent federal § 1983 suit as they enjoy in the courts of the State where the judgment was rendered.").

"[F]or purposes of applying the doctrine of res judicata…a dismissal with prejudice is the equivalent of a final judgment on the merits, barring the entire cause of action." *Boeken*, 48 Cal.4th at 793.  "'The statutory term "with prejudice" clearly means the plaintiff's right of action is terminated and may not be revived…[A] dismissal with prejudice…bars any future action on the same subject matter.'" *Id.* (quoting *Roybal v. University Ford,* 207 Cal. App. 3d 1080, 1086-87 (1989)).

In this case, Plaintiff already filed a case in state court against Defendant Addario alleging general negligence, negligent infliction of emotional distress and medical malpractice based on allegations that Addario misstated the facts and perjured himself as an expert witness in her original state court action.  (ECF No. 38, Ex. E.)  Plaintiff later dismissed this case "with prejudice."  (ECF No.38, Ex. F.)  Plaintiff's FAC attempts to re-raise these issues.  According to the FAC, "Dominick 'Addario' is being sued primarily due to his misconduct as an expert witness for the defense in the case styled Cooney v. San Diego, et al."  (FAC, ¶9).  Identically to the state court action already dismissed, the FAC alleges that Defendant Addario misstated the facts and committed perjury in the first state court action.  (FAC, ¶45.)  The dismissal with prejudice acts as res judicata to the claims against Defendant Addario, and, therefore, his motion to dismiss is granted on these grounds.

Similarly, the FAC also attempts to re-litigate the state court case against the City defendants and the County defendants.  This state court case was dismissed on a Motion for Summary Judgment and affirmed on appeal.  To the extent the FAC is

1  now seeking to re-litigate these claims, Defendants' motions to dismiss are also
2  granted on the basis of res judicata.

### 2. Collateral Estoppel

Moreover, collateral estoppel "preclude[s] a party to prior litigation from redisputing issues therein decided against h[er], even when those issues bear on different claims raised in a later case." *Vandenberg v. Sup. Ct.*, 21 Cal.4th 815, 828 (1999). "Only the party *against whom* the doctrine is invoked must be bound by the prior proceeding. Accordingly, the collateral estoppel doctrine may allow one who was not a party to prior litigation to take advantage, in a later unrelated matter, of findings made against his current adversary in the earlier proceeding." *Id*. at 828-29. "Collateral estoppel…is intended to preserve the integrity of the judicial system, promote judicial economy, and protect litigants from harassment by vexatious litigation." *Id*. at 829.

"State law governs the application of collateral estoppel…to a state court judgment in a federal civil rights action." *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990). In California, courts apply collateral estoppel if "(1) the issue decided in the prior case is identical with the one now presented; (2) there was a final judgment on the merits in the prior case, and (3) the party to be estopped was a party to the prior adjudication." *Sam Remo Hotel, L.P. v. San Francisco City and County*, 364 F.3d 1088, 1096 (9th Cir. 2004) (citing *Stolz v. Bank of America*, 15 Cal.App.4th 217, 222 (1993)).

Here, the issues decided in Plaintiff's state court action are identical to the ones now presented. Plaintiff is simply attempting to relitigate issues that have already been decided. In addition to re-alleging her entire state court action (FAC ¶¶ 1-117, 125-151), arguing that it was wrongly decided, Defendant also attempts to allege that it was improperly litigated. However, each of the issues she raises has already been addressed in her state court action. Specifically, Plaintiff alleges in her FAC that the Defendants remaining in this case, except for Defendant Massey,

violated her rights by improperly litigating her state court action in the following ways:

    (1)    Defendants City of San Diego, Hsu and Kerr filed a demurrer "that had no basis in law." (FAC ¶¶ 37, 40.)

    (2)    The City defendants and County defendants filed motions for summary judgment "accompanied by a perjurious Declaration from Defendant Baroya and Separate Statements of Undisputed Facts containing untrue allegations which were falsely presented as 'facts.'" (FAC ¶ 43.)

    (3)    The City defendants and County defendants filed a "tardy Declaration from their expert psychiatrist, Defendant Addario, which defied all logic and reason, misstated the facts, and for the tidy sum of $500 an hour, completely contradicted the America Psychiatry Association's Diagnostic and Statistical Manual (DSM-IV), the objective authority on the subject of psychiatry." (FAC ¶ 45.)

    (4)    The City defendants and County defendants violated ethical rules by putting on a defense without probable cause and unwarranted by law, giving a false statement of fact, and suppressing evidence. (FAC ¶ 64.)

Plaintiff further alleges in her FAC that the LPS Act is unconstitutional (FAC ¶¶ 125-140), but "[e]ven if the LPS Act were constitutional, Defendants are still liable for violating it" (FAC ¶141).

In Plaintiff's state court action, Judge Hofmann of the Superior Court granted Defendants City of San Diego and John Kerr's motion for summary judgment finding "there is no triable issue of material fact to establish that defendants City of San Diego and John Kerr are liable to plaintiff on plaintiff's complaint." (ECF No. 35, RJN Ex. 2 at p. 2.) In so holding, the judge stated "[t]he undisputed evidence shows defendants City of San Diego and John Kerr had probable cause to believe that plaintiff was a danger to others or herself. Therefore, defendants City of San Diego and John Kerr were permitted to take plaintiff into custody and place her in a

mental health facility for evaluation." (*Id.* at pp. 2-3.) In the summary judgment order, Judge Hofmann also specifically overruled plaintiff's objection to the reply declaration filed by Defendant Addario noting that Plaintiff was given additional time to respond to his declaration. (*Id.* at p. 2.)

In the same order, Judge Hofmann "grant[ed] defendant County of San Diego's motion for summary judgment on plaintiff's complaint," holding that "there is no triable issue of material fact to establish that defendant County of San Diego is liable to plaintiff on plaintiff's complaint." (*Id.* at p. 4.) Plaintiff's complaint against defendant County of San Diego "stem[med] from the staff psychologist's decision (Ivan Baroya, M.D.) to keep plaintiff at the San Diego County Psychiatric Hospital under a 72-hour hold." (*Id.* at p. 4.) In his order granting the County of San Diego's motion for summary judgment, Judge Hofmann again specifically overruled plaintiff's objection to the reply declaration filed by Defendant Addario noting that Plaintiff was given additional time to respond to his declaration. (*Id.* at p. 4.) Judgment was thereafter entered and Plaintiff's complaint was dismissed with prejudice. (ECF No. 35, RJN Ex. 3.)

Plaintiff appealed the final judgment to the California Court of Appeal, Fourth District. (ECF No. 35, RJN Ex. 4.) In her appeal, Plaintiff makes the following additional allegations, which are copied nearly verbatim in her FAC:

(1)  The LPS Act is unconstitutional in violation of the First Amendment (right to religious freedom), Fourth Amendment (right to be secure against unreasonable search and seizure), Fifth Amendment (right against self-incrimination), Sixth Amendment (right to counsel), Fifth and Fourteenth Amendment requirements of "due process of law," Eighth Amendment (prohibition on cruel and unusual punishment), right to privacy. (*Id.* at pp. 11, 28-33, 73 (*cf.* FAC at ¶¶ 125-151, 182).)

(2)  Defendants in the state court case are liable for violating the LPS Act. (*Id.* at p. 13 (*cf.* FAC at ¶ 141, 181, 183).)

(3) Defendants committed violations of the U.S. Constitution and Plaintiff is entitled to damages pursuant to 42 U.S.C. § 1983. (*Id*. at pp. 13-14, 69-70 (*cf.* FAC at ¶ 181, 183).)

(4) Defendants City of San Diego and John Kerr demurred on the grounds of government immunity but Plaintiff won the demurrer. (*Id*. at p. 15 (*cf.* FAC at ¶ 40).)

(5) Defendants City of San Diego, John Kerr and County of San Diego filed a "tardy Declaration from their expert psychiatrist…which defied all logic and reason, had no factual basis to support its opinions,…and for the tidy sum of $500 an hour, completely contradicted the American Psychiatry Association's Diagnostic and Statistical Manual (DSM-IV), the objective authority on the subject of psychiatry." (*Id*. at p. 16 (*cf.* FAC at ¶ 45).)

(6) Defendants City and County violated ethical rules by putting on a defense without probable cause and unwarranted by law, giving a false statement of fact, and suppressing evidence. (*Id*. at pp. 18, 72 (*cf.* FAC at ¶ 64).)

(7) Defendant Baroya's declaration filed in support of defendants' summary judgment motion shows that he failed to assess Plaintiff in person prior to her involuntary detention and demonstrated his "general incompetence." (*Id*. at pp. 44-45, 70-71 (*cf.* FAC at ¶ 43).)

(8) The trial court committed procedural errors, including a problematic hearing on August 20, 2010. (*Id*. at pp. 55-59 (*cf.* FAC at ¶ 47).)

(9) The trial court failed to take judicial notice of evidence submitted by Plaintiff. (*Id*. at pp. 59-63 (*cf.* FAC at ¶ 46).)

(10) Defendants were not entitled to judgment as a matter of law. (Id. at pp. 63-67 (*cf.* FAC at ¶ 59).)

(11) Many of the undisputed facts upon which the trial court based its summary judgment ruling were disputed by Plaintiff in her Separate Statement of Undisputed Facts. (*Id*. at pp. 67-68 (*cf.* FAC at ¶ 43).)

The Court of Appeal affirmed Judge Hofmann's summary judgment ruling. (ECF No. 35, RJN Ex. 5.) In its order, the Court of Appeal specifically found that Plaintiff's "constitutional challenges are without merit." (*Id*. at pp. 20-22.) The Court also addressed Plaintiff's additional allegations of misconduct and error on appeal finding no prejudicial or reversible error. (*Id*. at pp. 22-23.) Rather, the Court found that "the undisputed facts establish Clooney cannot prevail on her legal claims" and her claims that "all of the attorneys and judges involved in this matter (including her own attorneys) have committed 'criminal acts of fraud, perjury, and subornation'" are "wholly unsupported." (*Id*. at pp. 23-24.)

Plaintiff thereafter filed a Petition for Rehearing in the Court of Appeal, which was denied. (FAC at p. 24.) Subsequently, Plaintiff filed a Petition for Review with the Supreme Court, which was also denied. (FAC at ¶ 57.)

Given the foregoing, it is indisputable that the issues decided in Plaintiff's state court case are identical with the issues alleged in her FAC, she had a full and fair opportunity to litigate the issues,[2] and there was final judgment on the merits in the prior case.[3] Accordingly, Plaintiff is collaterally estopped from presenting these

---

[2] *See People v. Carter*, 36 Cal.4th 1215, 1240 (2005) ("An issue is actually litigated [w]hen [it] is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined....") (emphasis and internal quotation marks omitted); *Khanna v. State Bar of Cal*., 505 F.Supp.2d 633, 648 (N.D. Cal. 2007) (finding that issues were actually litigated when raised and submitted for determination in a petition on appeal to the California Supreme Court and ultimately and necessarily decided).

[3] *See Columbus Line, Inc. v. Gray Line Sight-Seeing Companies Associated, Inc*., 120 Cal. App. 3d 622, 629 (1981) ("summary judgment on the complaint is a judgment on the merits").

1 issues, which constitute the entirety of her FAC, in the present action, and
2 Defendants' motions to dismiss are further granted on this basis.

3 **IV.  CONCLUSION & ORDER**

4     For the foregoing reasons, Defendants' Motions to Dismiss (ECF Nos. 35, 36,
5 38) are **GRANTED WITHOUT LEAVE TO AMEND** with respect to all
6 Defendants with the exception of Defendant Thomas Massey. *See Cervantes, v.*
7 *Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("[A] district
8 court may dismiss without leave where…the amendment would be futile."); *see also*
9 *Schreiber Distrib. Co.,* 806 F.2d at 1401.

10     **IT IS SO ORDERED.**

11

12 **DATED: July 18, 2014**

13                                        Hon. Cynthia Bashant
                                       United States District Judge

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28