UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH COONEY,<br><br>                Plaintiff,<br><br>  v.<br><br>THE STATE OF CALIFORNIA, *ET AL.*,<br><br>                Defendants. | Case No.  13-cv-01373-BAS(KSC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S ORDER TO DISMISS DEFENDANTS WITHOUT LEAVE TO AMEND**<br><br>(ECF No. 59) |

On July 18, 2014, the Court issued an order granting Defendants' motions to dismiss (ECF Nos. 35, 36, 38) without leave to amend. (ECF No. 52.) On September 2, 2014, plaintiff Deborah Cooney ("Plaintiff") filed a motion for reconsideration under Rules 54(b), 59(e), and/or 60(b)(1)-(3) of the Federal Rules of Civil Procedure solely as to the Court's determination that Plaintiff should not be granted leave to file a Second Amended Complaint. (ECF No. 59.) Defendants City of San Diego, John Kerr, Bonny Hsu, Keith Phillips, County of San Diego, Ivan Baroya, and George W. Brewster, Jr. (collectively "Defendants") filed an opposition. (ECF No. 60.) For the following reasons, the Court **DENIES** Plaintiff's motion.

///

## I. LEGAL STANDARD

Rule 60(b) of the Federal Rules of Civil Procedure provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances. *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir.1994) (citing *Ben Sager Chem. Int'l v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977)). Under Rule 60(b), the court may grant reconsideration of a final judgment or an order based on: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). The last prong is "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007) (citing *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993) (internal quotations marks omitted)). It "applies only when the reason for granting relief is not covered by any of the other reasons." *Id*. "A party seeking to re-open a case under Rule 60(b)(6) must demonstrate both injury and circumstances beyond his [or her] control that prevented him [or her] from proceeding with the prosecution or defense of the action in a proper fashion." *Id.*

District courts also have the authority to entertain motions for reconsideration of interlocutory orders at any time before the entry of final judgment. *See Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996) ("[I]nterlocutory orders and rulings made pre-trial by a district judge are subject to modification by the district judge at any time prior to final judgment."); Fed. R. Civ. P. 54(b); *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 465 (9th Cir. 1989) ("Courts have inherent power to modify their interlocutory orders before entering a final judgment. . . . In addition, [Rule 54(b) of] the Federal Rules of Civil Procedure explicitly grants courts the authority to modify their interlocutory orders."). To determine the merits of a request to reconsider an

interlocutory order, the court applies the standard required under a Rule 59(e) reconsideration motion. *See Hydranautics v. FilmTec Corp.*, 306 F. Supp. 2d 958, 968 (S.D. Cal. 2003) (Whelan, J.).

Rule 59(e) permits a party to file a motion to alter or amend a judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011); *Kona Enters., Inc.*, 229 F.3d at 890. However, a Rule 59(e) motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Kona Enters., Inc.*, 229 F.3d at 890. It does not give parties a "second bite at the apple." *See Weeks v. Bayer*, 246 F.3d 1231, 1236-37 (9th Cir. 2001). "[A]fter thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration. *Ausmus v. Lexington Ins. Co.*, No. 08-CV-2342-L, 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009) (Lorenz, J.).

## II.   DISCUSSION

Plaintiff requests reconsideration of the Court's Order granting the motions to dismiss filed by Defendants and MD Dominick Addario, without leave to amend. (*See* ECF No. 52.) With respect to her motion, Plaintiff <u>only</u> seeks reconsideration of the Court's decision not to grant Plaintiff leave to amend her First Amended Complaint. (ECF No. 59 at 2, lines 4-5; ECF No. 61 at 3, ¶ 6.) Plaintiff claims that "[a]lthough the Court may not have imagined it, it is possible to amend the Complaint so as to

state a valid claim." (*Id*. at 4, lines 14-15.)  Plaintiff seeks to amend her First Amended Complaint to pursue relief from the assessment of Defendants' costs against her in the state court action on the basis that "[s]uch an assessment is unconstitutional." (*Id*. at 4, lines 18-21.)  Plaintiff has not previously presented this claim before any court, including this Court. (*See id*. at 6, lines 1-4.)  To explain her failure to previously raise the claim, Plaintiff asserts she was deprived of the assistance of counsel in the state court action and, in representing herself, she "may have made mistakes or excusable errors." (*Id*. at 6.)

As final judgment has already been entered in this case, the Court will analyze Plaintiff's motion under Federal Rules of Civil Procedure 59(e) and 60(b).  In applying Rule 59(e), the Court finds Plaintiff has presented no newly discovered evidence or intervening change in controlling law, and further does not argue the Court committed clear error or was manifestly unjust in ruling on the motions to dismiss.  Plaintiff simply seeks to bring an entirely new claim, of which she was aware prior to bringing suit, and chose not to raise in either her initial complaint or amended complaint.  A Rule 59(e) motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.  *See Kona Enters., Inc*., 229 F.3d at 890.  "After thoughts" do not constitute an appropriate basis for reconsideration.  *See Ausmus*, 2009 WL 2058549, at *2.  Accordingly, Plaintiff's motion under Rule 59(e) must be denied.

In applying Rule 60(b), the Court finds Plaintiff has made no showing of any of the relevant factors, with the possible exception of "excusable neglect" on the basis that Plaintiff is proceeding *pro se*.  While a late filing by a *pro se* plaintiff may in the rare circumstance be excused by negligence, *see Briones v. Riviera Hotel & Casino*, 116 F. 3d 379, 382 (1997), the Court finds Plaintiff's failure to allege a claim, of which she was aware, on two separate occasions, is not excusable neglect.  Under Rule 60(b)(6), the Court may grant relief for "any other reason justifying relief;" however, this option is to be "used sparingly as an equitable remedy to prevent manifest injustice

and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Delay*, 475 F.3d at 1044. The Court finds Plaintiff has not demonstrated manifest injustice will arise if she is not permitted leave to file a Second Amended Complaint seeking relief from the assessment of Defendants' costs in her state court action, or that extraordinary circumstances prevented her from taking timely action to protect her interests. Therefore, Plaintiff's motion under Rule 60(b) must also be denied.

### III.   CONCLUSION & ORDER

Because Plaintiff fails to demonstrate entitlement to reconsideration, the Court **DENIES** her motion in its entirety. (ECF No. 59.)

**IT IS SO ORDERED.**

DATED: June 29, 2015

Hon. Cynthia Bashant
United States District Judge